# EXHIBIT COVER PAGE

**EXHIBIT NUMBER __E_____**



**WRITER'S ADDRESS:**
Steven Ginsburg
2100 Riveredge Parkway
Suite 1200
Atlanta, GA 30328
770-628-7121
ginsburg@litchfieldcavo.com

July 11, 2024

**SENT VIA OVERNIGHT & CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

*Privileged and Confidential*
*Attorney-Client Communication*

Cindy Batey
Strategic Management Partners, LLC
125 TownPark Drive
Suite 300
Kennesaw, GA 30144

> Re:  Claim No.:      24002421
>      Policy No.:     PAV0361274 (Penn-America Insurance Company)
>      Insured:        Strategic Management Partners, LLC
>      Effective Date: October 29, 2021 and October 29, 2022 respectively
>      Claimants:      Ketra Parson and Jaida Parson
>      Date of Loss:   October 28, 2022 through August 30, 2023
>      Venue:          Superior Court of Fulton County, Georgia
>                      Case No. 24CV005637

Dear Ms. Batey:

    Penn-America Insurance Company (hereinafter "PAIC") is in receipt of a lawsuit brought against Strategic Management Partners, LLC (hereinafter "SMP") by Ketra Parson and Jaida Parson (herein after "Plaintiffs") in Superior Court of Fulton County, Georgia, Case No. 24CV005637. We represent PAIC in connection with any and all claims for coverage in this matter.

    PAIC issued a renewal Commercial Lines Insurance Policy, PAV0285956 (hereinafter "Older Policy") to ATL20RIV Owner LLC dba Archway Apartments (hereinafter "ATL20RIV") for a policy term period of 12 months effective October 29, 2021 and PAV0361274 (hereinafter "Newer Policy") of 12 months effective October 29, 2022 to October 29, 2023.[1] (The Older Policy and the Newer Policy collectively are hereinafter referred to as the "Underlying Policies"). Each aforementioned policy covers liability for the property located at 685 Rountree Road, Riverdale, Georgia 30274 in the amount of

---

[1] The alleged date of loss potentially starts on the last day of the Older Policy and the rest of the loss is within the dates of the Newer Policy. Because the Newer Policy is a renewal of the Older Policy, the language of both policies are materially the same.

Chicago ● Hartford ● Boston ● New York ● New Jersey ● Pittsburgh ● Philadelphia ● Houston ● Los Angeles
Fort Lauderdale ● Tampa ● Wisconsin ● West Virginia ● Salt Lake City ● Indiana ● St. Louis ● Atlanta ● Providence

www.litchfieldcavo.com

**LITCHFIELD CAVO LLP**
Attorneys at Law

Cindy Batey
Strategic Management Partners, LLC
July 11, 2024
Page 2

$1,000,000 for each occurrence and $2,000,000 aggregate. SMP is an additional insured under the Newer Policy.

 PAIC is investigating this matter under a reservation of rights. **Having carefully considered the allegations of the Complaint in the lawsuit, PAIC has determined that it will afford a defense to SMP in this action subject to a complete reservation of rights.** The facts and bases for PAIC'S reservation of rights are set forth below.

 PAIC reserves its rights to investigate, to seek a determination of its rights and obligations under the Underlying Policies, and deny coverage, if applicable. The facts and bases for PAIC's reservation of rights are set forth below.

 PAIC agrees to defend you in connection with the lawsuit pursuant to a reservation of rights. PAIC has retained the law firm of Hanks Law Group, LLC to defend you. Attorney **Jerald R. Hanks** has been assigned as your counsel. His contact information is as follows:

> **Jerald R. Hanks**
> Hanks Law Group, LLC, The Hardin Building
> 1380 West Paces Ferry Road, Suite 2265
> Atlanta, Georgia  30327
> (404) 892-1991
> (404) 892-1951 (direct dial)
> (404) 217-2017 (cell)
> https://www.hankslawgroup.com/

## THE LAWSUIT

 **According to the Complaint and Amended Complaint filed in the above referenced Lawsuit by Plaintiff against SMP,** Plaintiffs alleged that they entered into an Apartment Rental Contract ("lease") with ATL20RIV on October 28, 2022. SMP was the management company at the Property when the lease was executed. During ATL20RIV's ownership, SMP and ATL20RIV breached the Apartment Rental Contract (hereinafter "lease") by failing to respond to requests to repair and or replace items in the property as required by the lease. In addition, Plaintiffs alleged the property was heavily infested with roaches and rodents during SMP's management and SMP and ATL20RIV did not respond or do anything Plaintiffs allege they have suffered damages not less than $100,000.00. The Attorneys' Fees Count alleges SMP refused to resolve the matter and Plaintiffs had to resort to litigation. Punitive Damages alleged against SMP are because "Defendants' actions arise to willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." Plaintiffs make the same allegations against the current owner to whom ATL20RIV sold the property, Archway Equity Partners, LLC (hereinafter "Archway") and

**LITCHFIELD CAVO LLP**
Attorneys at Law

Cindy Batey
Strategic Management Partners, LLC
July 11, 2024
Page 3

Alexander Forrest Investments, LLC (hereinafter "Alexander"), its alleged management company. In addition to the other allegations, Plaintiffs allege that Archway and Alexander wrongfully evicted the Plaintiffs. The wrongful eviction allegations are not pled against SMP.

<u>**RELEVANT POLICY PROVISIONS**</u>

The following are relevant provisions from the Underlying Policies and pertinent endorsements based on PAIC's investigation of the claim to date and information made available to PAIC regarding this claim. For your ease of reference, they are quoted here. These provisions are later discussed where issues relevant to them are addressed.

**III.   RELEVANT POLICY PROVISIONS OF UNDERLYING POLICIES - PAV0285956 & PAV0361274 [2]**


**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1. Insuring Agreement**

  **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

  (1)  The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
  (2)  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**
  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

  **No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.**

---

[2] Both policies contain these provisions and neither contains any addition or altering provisions to the matter at hand other than SMP not being an insured under the Older Policy, **PAV0285956**.

**LITCHFIELD CAVO LLP**
Attorneys at Law

Cindy Batey
Strategic Management Partners, LLC
July 11, 2024
Page 4

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      (2) The "bodily injury" or "property damage" occurs during the policy period; and
      (3) Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    **c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

    **d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

      (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
      (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
      (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

*    *    *

**2. Exclusions**

    This insurance does not apply to:

    **a. Expected Or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

    **b. Contractual Liability**

**LITCHFIELD CAVO LLP**
Attorneys at Law

Cindy Batey
Strategic Management Partners, LLC
July 11, 2024
Page 5

> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> (1) That the insured would have in the absence of the contract or agreement; or
>
> (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
>
> (a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
>
> (b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\* \* \*

**SECTION V – DEFINITIONS**

\* \* \*

> 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

> 17. "Property damage" means:
>
> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
>
> For the purposes of this insurance, electronic data is not tangible property.

**LITCHFIELD CAVO LLP**
Attorneys at Law

Cindy Batey
Strategic Management Partners, LLC
July 11, 2024
Page 6

>As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

*   *   *

> 18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:
>     a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
>     b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

*   *   *

**SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

> **1.** We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

*   *   *

>   e. All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

*   *   *

<b>COMBINED PROVISIONS ENDORSEMENT</b> S2002 (08/02)
*   *   *
<b>PUNITIVE DAMAGES EXCLUSION</b>

It is part of the conditions of this policy that the Company shall not be liable for any damages awarded against an insured as punitive or exemplary damages.

*   *   *

<b><u>DISCUSSION</u></b>

As stated above, PAIC agrees to defend SMP in the lawsuit subject to a complete reservation of rights. There are numerous bases on which PAIC reserves the right to decline both defense and

**LITCHFIELD CAVO LLP**
Attorneys at Law

Cindy Batey
Strategic Management Partners, LLC
July 11, 2024
Page 7

indemnity coverage for this claim. In comparing the allegations of the Complaint to the terms and conditions of the Underlying Policies, please understand that PAIC is not accepting or attempting to imply in any way that the allegations against SMP have merit. However, in order to assess whether there is a duty to defend and/or indemnify SMP, we must assume for the moment that the allegations are true. The following sets forth the basis for PAIC's reservation of rights for the defense and indemnification of this claim.

Plaintiffs do not allege "Bodily injury" which is defined as "bodily injury, sickness or disease sustained by a person" in the Underlying Policies. In addition, none of the allegations set forth "Property Damage" as that term is defined in the Underlying Policies. There is no allegation of physical injury to tangible property. Nor is there any allegation of the loss of use of tangible property that is not physically injured. Coverage A of the Underlying Policies is not implicated.

Even if there was "bodily injury" or "property damage," several exclusions apply to negate coverage for "bodily injury" and "property damage" including an exclusion barring coverage for damages assumed in a contract or agreement such as the lease entered into by ATL20RIV with the Plaintiffs, and the September 21, 2020 Management Agreement between SMP and ATL20RIV. SMP's alleged liability to the Plaintiffs did not exist absent the lease or the September 21, 2020 Management Agreement between SMP and ATL20RIV through which ATL20RIV and SMP assumed responsibility for repairs and maintenance under Georgia landlord/tenant law. By the clear terms of the Newer Policy, set out above, SMP is not entitled to coverage or indemnification for any recovery against it on the contract (lease) claims. SMP is also not entitled to coverage or indemnification for recovery against it for the Breach of Covenant of Good Faith and Fair Dealing, Negligence, and Quiet Enjoyment allegations because all of these allegations directly result from the alleged breach of the contract (lease). The "punitive damages" and "attorney fees" exclusions bar coverage for Plaintiffs' claim for punitive damages and attorney fees. See Supplemental Payments and Punitive Damages exclusions above.

In light of the foregoing provisions in the Underlying Policies and based upon the information made available to PAIC to date, we do not believe there is coverage available for any of the losses in the Complaint under the Underlying Policies.

If SMP is aware of any facts or circumstances that SMP believes should affect our coverage evaluation, or if SMP knows of any facts or circumstances that would support any views contrary to those expressed in this letter, we would welcome SMP's written comments.

**PAIC reserves the right to deny coverage for the foregoing reasons.**

### DUTY TO DEFEND UNDER A RESERVATION OF RIGHTS

**LITCHFIELD CAVO LLP**
Attorneys at Law

Cindy Batey
Strategic Management Partners, LLC
July 11, 2024
Page 8

Because the duty to defend under a reservation of rights is separate from the duty to indemnify, PAIC reserves the right to withdraw from the defense of these claims should it be determined that coverage for which PAIC has agreed to defend is no longer afforded under the Underlying Policies.

## V.      CONCLUSION

As set forth above, there are terms and conditions under the Policy, which could limit and/or exclude coverage for this claim. PAIC reserves all rights, and specifically waives none, as to any duty to indemnify for, and/or defend, any of the allegations in the Amended Complaint.

Subject to the foregoing, PAIC has determined that it will fund SMP's reasonable and necessary defense in relation to the claims asserted in underlying action, subject to the full reservation of rights outlined herein. **PAIC respectfully reminds SMP of its express obligations under the Newer Policy to cooperate with PAIC in its investigation of the Complaint and to cooperate with appointed defense counsel.** This cooperation includes, but is not limited to, complying with all reasonable requests for information relevant to the claims and defenses at issue and to insurance coverage for said claims.

PAIC's acceptance of the defense is undertaken subject to the following additional reservations of rights:

1. PAIC reserves the right to withdraw from the defense when or if PAIC determines, through a declaratory judgment action or otherwise, that there is no potential for coverage under the Underlying Policies;

2. PAIC reserves the right to enter into settlement negotiations and to conclude any reasonable settlement of the subject action;

3. PAIC reserves the right to seek reimbursement for any and all monies that it may pay for settlement or judgment in the subject action that constitute indemnification payments for which it has now been, or is later determined, that there is no coverage;

4. PAIC reserves the right to seek equitable contribution from your other liability insurers, if any, for any and all monies that may be paid in defense of the subject action;

5. PAIC reserves the right to seek reimbursement for any and all monies that it may pay for the defense in the subject action;

**LITCHFIELD CAVO LLP**
Attorneys at Law

Cindy Batey
Strategic Management Partners, LLC
July 11, 2024
Page 9

      6.     PAIC reserves the right to disclaim indemnity coverage under the Underlying Policies for all causes of action and/or requested relief that fall outside the coverage of the Underlying Policies; and

      7.     PAIC reserves the right to pursue a declaratory judgment action requesting a declaration of no coverage under the policy for any of the claims asserted in the subject lawsuit.

Neither PAIC's investigation into this claim for coverage, this letter, nor any other correspondence or communication from or on behalf of PAIC should be deemed or construed as a waiver of any rights or defenses it may have, including its rights and defenses under the Underlying Policies, any applicable contract of insurance, by statute, or at common law. This letter is, therefore, without prejudice to PAIC's rights and defenses under the policy, and PAIC hereby reserves all such rights and defenses, including, but not limited to, failure to cooperate.

PAIC's position regarding coverage as described above is based upon presently available information. By relying upon certain terms, provisions or exclusions contained in the Underlying Policies, PAIC does not wish to imply any waiver of any other terms, provisions or exclusions which may be determined to be applicable under the facts of this case.

This letter is, therefore, not intended to specify each and every basis upon which coverage is or may be precluded under the policy for the claims asserted in the underlying action. The above-stated grounds on which PAIC has reserved its rights to deny coverage for those claims may not be inclusive of all the defenses available to it under the policy. PAIC accordingly reserves the right to raise additional defenses to coverage as and when they become known, as warranted by any new information obtained later, or as claims asserted may be later amended. PAIC specifically reserves its right to assert and rely upon any further defense to coverage that may be available under the terms, exclusions and conditions of the Underlying Policies, regardless of whether it is stated above, or whether the basis for its assertion is or could have been presently known.

The applicable policy limits of the Underlying Policies are set forth above. PAIC will not be responsible for any part of any judgment that exceeds those limits. Also, since any recovery by Plaintiff against in the lawsuit may not be covered by the Underlying Policies, SMP may wish to employ counsel of its own choosing and at its own expense. That decision is entirely up to SMP and can be made at any time during the pendency of the lawsuit.

Please do not discuss this case with anyone other than a representative of PAIC, or any independent counsel representing SMP. Please cooperate fully with the defense of this matter and keep us and appointed counsel advised of the appropriate representative's contact information at all times to facilitate scheduling of court dates and other important matters.

**LITCHFIELD CAVO LLP**
Attorneys at Law

Cindy Batey
Strategic Management Partners, LLC
July 11, 2024
Page 10

      If SMP is aware of any facts or circumstances that SMP believes should affect our coverage evaluation, or if SMP knows of any facts or circumstances that would support any views contrary to those expressed in this letter, we would welcome SMP's written comments.  Please let us know of any additional information that SMP develops or receives regarding this claim or the coverage issues and positions set out above.  If SMP's representative or counsel has any questions or comments about this matter, please feel free to contact me.

                                        Very truly yours,

                                        /s/ Steven D. Ginsburg
                                        Steven D. Ginsburg

cc:    Cheryl A. Mawby,
         Senior Claims Examiner